# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2077-17T4

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

T.H.,

     Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF I.H.
and P.H., JR.,

     Minors.

_____

Submitted December 13, 2018 – Decided January 8, 2019

Before Judges Simonelli and O'Connor.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FG-01-0034-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Nicholas Logothetis, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith A. Pollock, Deputy Public Defender, of counsel; Damen J. Thiel, Designated Counsel, on the brief).

PER CURIAM

Defendant T.H., the biological mother of I.H., born in October 2014, and P.H., Jr., born in October 2015, appeals from the December 20, 2017 judgment of guardianship terminating her parental rights to the children.[1] On appeal, defendant contends the trial judge erred in finding respondent New Jersey Division of Child Protection and Permanency (Division) proved all four prongs of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. We affirm.

We will not recite in detail the history of the Division's involvement with the family. Instead, we incorporate by reference the factual findings set forth in

---

[1] The judgment also terminated the parental rights of the children's biological father, P.H., Sr., who voluntarily surrendered his parental rights and does not appeal.

Judge W. Todd Miller's comprehensive written opinion, dated December 20, 2017. We add the following comments.

Defendant has two other children, C.L., born in May 2011, and R.L., born in May 2012. Defendant became involved with the Division in July 2013, based on allegations of defendant's abuse of alcohol in the children's presence and poor conditions in the home. Defendant voluntarily surrendered her parental rights to C.L. and R.L. and her involvement with the Division continued with respect to I.H. and P.H., Jr.

From July 2013 until the start of the guardianship trial in October 2017, defendant's involvement with the Division was marked by her unresolved mental health problems, substance abuse, lack of employment, instability, domestic violence with P.H., Sr., failure to protect R.L. from P.H., Sr.'s physical abuse, criminal activity and incarcerations, sporadic visitation, and non-compliance with the numerous services the Division offered.

The Division's undisputed expert psychological evidence confirmed defendant lacked the minimal ability to adequately parent I.H. and P.H., Jr., could not safely parent the children, and her prognosis was poor. The Division's undisputed expert bonding evidence confirmed the children would not suffer

A-2077-17T4

severe and enduring harm if separated from defendant, but would suffer enduring harm if separated from their resource parents, who want to adopt them.

Judge Miller reviewed the evidence presented at the trial, made factual findings as to each prong of N.J.S.A. 30:4C-15.1(a), and thereafter concluded the Division met by clear and convincing evidence all of the legal requirements for a judgment of guardianship as to both defendants. The judge's opinion tracks the statutory requirements of N.J.S.A. 30:4C-15.1(a), accords with N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420 (2012), N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88 (2008), In re Guardianship of K.H.O., 161 N.J. 337 (1999), In re Guardianship of D.M.H., 161 N.J. 365 (1999), and N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591 (1986), and is amply supported by the record. F.M., 211 N.J. at 448-49. We affirm substantially for the reasons Judge Miller expressed in his cogent written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2077-17T4